UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**  JS - 6  **'O'**

| Case No. | CV15-9419-CAS(JCx) | Date | February 22, 2016 |
|---|---|---|---|
| Title | UNICOLORS, INC. v. MYTH CLOTHING CO., INC. et al. | | |

| Present: The Honorable | CHRISTINA A. SNYDER, U.S. DISTRICT JUDGE | |
|---|---|---|
| Connie Lee | Laura Elias | N/A |
| Deputy Clerk | Court Reporter / Recorder | Tape No. |

| Attorneys Present for Plaintiffs: | Attorneys Present for Defendants: |
|---|---|
| Chan Jeong | Sumeer Kakar (By Telephone) |

**Proceedings:** DEFENDANTS' MOTION TO DISMISS, TRANSFER, OR STAY (Dkt. 12, filed January 19, 2016).

## I.   INTRODUCTION

On December 4, 2015, plaintiff Unicolors, Inc. ("Unicolors") initiated this action against defendants Myth Clothing Company, Inc. ("Myth"), The TJX Companies, Inc. d/b/a T.J. Maxx and Marshalls ("TJX"), Burlington Store, Inc. ("Burlington"), and Does 1 through 20 (collectively, "defendants"). Dkt. 1. Unicolors asserts claims against defendants for (1) copyright infringement; and (2) vicarious and/or contributory copyright infringement. Id. In brief, Unicolors asserts that it holds a copyright in a two-dimensional design, entitled "CE387," and that defendant Myth produced and sold clothing featuring the CE387 design to various retailers, including defendants TJX and Burlington. See generally Compl.

On January 19, 2016, defendants filed the instant motion. Dkt. 12. In this motion, defendants request that the Court either (1) dismiss this action as to defendant Myth for lack of personal jurisdiction; (2) dismiss this action for improper venue; (3) transfer this action to the Southern District of New York; or (4) stay this action pending the resolution of a similar motion in a related case in the Southern District of New York. Id. On February 2, 2016, Unicolors filed an opposition to this motion. Dkt. 18. And, on February 8, 2016, defendants filed a reply. Dkt. 20. Having carefully considered the parties' arguments, the Court finds and concludes as follows.

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**  JS - 6  'O'

| Case No. | CV15-9419-CAS(JCx) | Date | February 22, 2016 |
|---|---|---|---|

| Title | UNICOLORS, INC. v. MYTH CLOTHING CO., INC. et al. |
|---|---|

## II. BACKGROUND

Unicolors is a California-based corporation engaged in the apparel industry. Compl., at 1. As its business, Unicolors creates, purchases, or obtains the exclusive rights in two-dimensional graphic designs which are then used on textiles and garments. Id. at 1-2. As relevant to this action, Unicolors claims that it is the owner and author of a two-dimensional artwork, entitled "CE387." Id. ¶ 12. Unicolors asserts that it applied for a copyright in the CE387 design and was subsequently granted a certificate of registration by the United States Copyright Office. Id. ¶ 13.

Defendant Myth provides garments to retailers at wholesale. Mot. at 3. Myth is incorporated and headquartered in New York. Id. Its customers regularly include TJX and Burlington. Id. TJX is incorporated in Delaware and is headquartered in Massachusetts. Id. at 4. It operates the nationwide clothing retailers TJ Maxx and Marshals. Id. Burlington is incorporated and headquartered in New Jersey, and operates the nationwide clothing retailer Burlington Coat Factory. Id. Both TJX and Burlington operate stores in California. Id.

Unicolors alleges that, without Unicolor's authorization, Myth produced and distributed clothing featuring a design which is identical, or substantially similar to, the CE387 design. Compl. ¶ 15. Unicolors alleges that the clothing sold by Myth infringed its copyright in the CE387 design. Id. ¶ 21. Among the purchasers of this allegedly infringing clothing were defendants TJX and Burlington. Id. ¶ 15. Unicolors alleges that, after purchasing this allegedly infringing clothing, TJX and Burlington sold the clothing in their retail stores throughout the country. Id. ¶¶ 16-17.

On December 3, 2015, Myth filed an action for declaratory relief against Unicolors in the Southern District of New York (the "New York Action"). See Myth Clothing Company, Inc. v. Unicolors, Inc., Case No. 1:15-cv-09487-KPF (S.D.N.Y. Dec. 3, 2015). In the New York Action, Myth seeks a declaration that neither they, nor any of their customers who have purchased purportedly infringing products, have infringed upon the claimed copyright rights of Unicolors. Id. ¶ 1. Unicolors filed its infringement suit in this Court the day after the New York Action was filed. See Dkt. 1.

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**  JS - 6  'O'

| Case No. | CV15-9419-CAS(JCx) | Date | February 22, 2016 |
|---|---|---|---|
| Title | UNICOLORS, INC. v. MYTH CLOTHING CO., INC. et al. | | |

### III. LEGAL STANDARD

#### A. Personal Jurisdiction

When a defendant moves to dismiss for lack of personal jurisdiction under Federal Rule of Civil Procedure 12(b)(2), the plaintiff bears the burden of demonstrating that the court may properly exercise personal jurisdiction over the defendant. Pebble Beach Co. v. Caddy, 453 F.3d 1151, 1154 (9th Cir. 2006). Where, as here, a court decides such a motion without an evidentiary hearing, the plaintiff need only make a prima facie showing of jurisdictional facts to withstand the motion to dismiss. Ballard v. Savage, 65 F.3d 1495, 1498 (9th Cir. 1995); Doe v. Unocal Corp., 27 F. Supp. 2d 1174, 1181 (C.D. Cal. 1998), aff'd, 248 F.3d 915 (9th Cir. 2001). Plaintiff's version of the facts is taken as true for purposes of the motion if not directly controverted, and conflicts between the parties' affidavits must be resolved in plaintiff's favor for purposes of deciding whether a prima facie case for personal jurisdiction exists. AT & T v. Compagnie Bruxelles Lambert, 94 F.3d 586, 588 (9th Cir. 1996); Unocal, 27 F. Supp. 2d at 1181. If the defendant submits evidence controverting the allegations, however, the plaintiff may not rely on its pleadings, but must "come forward with facts, by affidavit or otherwise, supporting personal jurisdiction." Scott v. Breeland, 792 F.2d 925, 927 (9th Cir.1986) (quoting Amba Mktg. Servs., Inc. v. Jobar Int'l, Inc., 551 F.2d 784, 787 (9th Cir.1977)).

#### B. Venue

If an action is filed in the "wrong division or district" a court may dismiss the action or, "if it be in the interest of justice" transfer the action to an appropriate district or division. 28 U.S.C. § 1406(a). In federal courts, the determination of where venue is appropriate "is governed entirely by statute." Zumba Fitness, LLC v. Brage, 2011 WL 4732812 (C.D. Cal. Oct. 6, 2011) (citing Leroy v. Great W. United Corp., 443 U.S. 173, 181 (1979)). When deciding a motion to dismiss for improper venue, unlike a Rule 12(b)(6) motion, the court need not accept the pleadings as true and may consider facts outside the pleadings. See R.A. Argueta v. Banco Mexicano, S.A., 87 F.3d 320, 324 (9th Cir. 1996). Once a defendant raises an objection to venue, the plaintiff bears the burden of establishing that the selected venue is proper. Rio Properties, Inc. v. Rio Intern. Interlink, 284 F.3d 1007, 1019 (9th Cir. 2002). To defeat a motion to dismiss for improper venue, the plaintiff needs only to make a prima facie showing of proper venue.

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

| | **CIVIL MINUTES - GENERAL** | | JS - 6   **'O'** |
|---|---|---|---|
| Case No. | CV15-9419-CAS(JCx) | Date | February 22, 2016 |
| Title | UNICOLORS, INC. v. MYTH CLOTHING CO., INC. et al. | | |

### C.     Transfer

"For the convenience of parties and witnesses, in the interest of justice, a district court may transfer any civil action to any other district or division where it might have been brought or to any district or division to which all parties have consented." 28 U.S.C. § 1404(a). In analyzing the "interests of justice," a number of factors are relevant, including the following: (1) the location where the relevant agreements were negotiated and executed, (2) the state that is most familiar with the governing law, (3) the plaintiff's choice of forum, (4) the respective parties' contacts with the forum, (5) the contacts relating to the plaintiff's cause of action in the chosen forum, (6) the differences in the costs of litigation in the two forums, (7) the availability of compulsory process to compel attendance of unwilling non-party witnesses, and (8) the ease of access to sources of proof. Stewart Org. v. Ricoh Corp., 487 U.S. 22, 29-30 (1988); Jones v. GNC Franchising, Inc., 211 F.3d 495, 498-99 (9th Cir. 2000). Other factors that can be considered are: the enforceability of the judgment; the relative court congestion in the two forums; and which forum would better serve judicial economy. 17 Moore's Federal Practice § 111.13[1][c] (3d ed. 1997). However, "[s]ubstantial weight is accorded to the plaintiff's choice of forum, and a court should not order a transfer unless the 'convenience' and 'justice' factors set forth above weigh heavily in favor of venue elsewhere." Catch Curve, Inc. v. Venali, Inc., 2006 U.S. Dist. LEXIS 96379, *3-4 (C.D. Cal. 2006).

The party seeking to transfer venue bears the burden of showing that convenience and justice require transfer. Commodity Futures Trading Comm'n v. Savage, 611 F.2d 270, 278-279 (9th Cir. 1979); Decker Coal Co. v. Commonwealth Edison Co., 805 F.2d 834, 843 (9th Cir. 1986) ("The defendant must make a strong showing of inconvenience to warrant upsetting the plaintiff's choice of forum."). The decision to transfer lies within the sound discretion of the trial judge. See Sparling v. Hoffman Constr. Co., 864 F.2d 635, 639 (9th Cir. 1988).

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**    JS - 6  **'O'**

| Case No. | CV15-9419-CAS(JCx) | Date | February 22, 2016 |
|---|---|---|---|
| Title | UNICOLORS, INC. v. MYTH CLOTHING CO., INC. et al. | | |

### IV.  ANALYSIS

In the instant motion, defendants request that the Court either dismiss this action as to defendant Myth for lack of personal jurisdiction, dismiss this action for improper venue, transfer this action to the Southern District of New York, or stay this action pending the resolution of a similar motion in a related case in the Southern District of New York.  Having considered the parties' arguments, the Court finds that it is appropriate to transfer this action to the Southern District of New York for two reasons: (1) venue is improper in the Central District of California against defendant Myth; and (2) as to the remaining defendants, TJX and Burlington, while venue may be proper in the Central District of California, the interests of justice weigh in favor of transfer to the Southern District of New York.

#### A.  Venue is Improper as to Defendant Myth

In most actions, venue is governed by the general venue statute, 28 U.S.C. § 1391.  However, claims for copyright infringement are unique in that, in such claims, venue is governed by the special venue provisions of the Copyright Act.  See Goldberg v. Cameron, 482 F. Supp. 2d 1136, 1143 (N.D. Cal. Feb. 27, 2007) ("The venue of suits for infringement of copyright is not determined by the general provision governing suits in the federal district courts, rather by the venue provision of the Copyright Act, [28 U.S.C. § 1400(a)]."); Zumba Fitness, 2011 WL 4732812, at *1 ("All claims—*with the exception of the copyright claim*—are governed by the general venue statute, 28 U.S.C. § 1391") (emphasis added).  The venue provision of the Copyright Act, 28 U.S.C. § 1400(a), provides, in pertinent part: "Civil actions, suits, or proceedings arising under any Act of Congress relating to copyrights . . . may be instituted in the district in which the defendant or his agent resides or may be found."  The Ninth Circuit "interprets this provision to allow venue in any judicial district where, if treated as a separate state, the defendant would be subject to personal jurisdiction."  Brayton Purcell LLP v. Recordon & Recordon, 606 F.3d 1124, 1126 (9th Cir. 2010).  In other words, the analysis of venue under the Copyright Act is, in large part, coterminous with the analysis on a motion to dismiss for lack of personal jurisdiction.

In the instant action, venue appears to be proper as to both TJX and Burlington.  Both of these defendants operate clothing stores in California and Unicolors alleges that both of these defendants sold infringing products in their California stores.  See Dkt. 18-

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**   JS - 6   'O'

| Case No. | CV15-9419-CAS(JCx) | Date | February 22, 2016 |
|---|---|---|---|
| Title | UNICOLORS, INC. v. MYTH CLOTHING CO., INC. et al. | | |

1, Jeong Decl. ¶ 20.  Accordingly, it appears that the Court has specific personal jurisdiction over both of these defendants and, therefore, they may both be "found" in this district.  However, for the reasons stated more fully below, this Court does not have personal jurisdiction over Myth and, therefore, venue is not appropriate over this defendant.

### 1. This Court Does Not Have Personal Jurisdiction Over Myth

Generally, personal jurisdiction exists if (1) it is permitted by the forum state's long-arm statute and (2) the "exercise of that jurisdiction does not violate federal due process."  Pebble Beach, 453 F.3d at 1154-55 (citing Fireman's Fund Ins. Co. v. Nat'l Bank of Coops., 103 F.3d 888, 893 (9th Cir. 1996).  California's long-arm jurisdictional statute is coextensive with federal due process requirements, so that the jurisdictional analysis under state and federal law are the same.  Cal. Civ. Proc. Code § 410.10; Roth v. Garcia Marquez, 942 F.2d 617, 620 (9th Cir. 1991).  The Fourteenth Amendment's Due Process Clause requires that a defendant have "minimum contacts" with the forum state so that the exercise of jurisdiction "does not offend traditional notions of fair play and substantial justice."  Int'l Shoe Co. v. Washington, 326 U.S. 310, 316 (1945).  Depending on the nature of the contacts between the defendant and the forum state, personal jurisdiction is characterized as either general or specific.

In addition, for purposes of venue, the relevant inquiry is whether personal jurisdiction would be appropriate in a given judicial district, were that district treated as a separate state.  Accordingly, the Court considers whether personal jurisdiction exists over Myth in the Central District of California, as opposed to the state of California.

#### a. General Jurisdiction

A court has general jurisdiction over a nonresident defendant when that defendant's activities within the forum state are "substantial" or "continuous and systematic," even if the cause of action is "unrelated to the defendant's forum activities."  Perkins v. Benguet Consol. Mining Co., 342 U.S. 437, 446-47 (1952).  Where the defendant is a corporation, such as Myth, general jurisdiction is only appropriate where "that corporation's affiliations with the State are so 'continuous and systematic' as to render [it] essentially at home in the forum State."  Daimler AG v. Bauman, 134 S. Ct. 746, 761 (2014).  The "paradigm" forum for general jurisdiction over a corporation is the

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

| | **CIVIL MINUTES - GENERAL** | | JS - 6   'O' |
|---|---|---|---|
| Case No. | CV15-9419-CAS(JCx) | Date | February 22, 2016 |
| Title | UNICOLORS, INC. v. MYTH CLOTHING CO., INC. et al. | | |

forum where the corporation is incorporated or where its principal place of business is located.  <u>Goodyears Dunlop Tires Operations, S.A. v. Brown</u>, 131 S.Ct. 2846, 2854-55 (2011).

Here, Unicolors concedes that Myth is incorporated in New York and that its headquarters, i.e., its principal place of business, is located in New York.  Compl. ¶ 5. Unicolors alleges only that Myth is "doing business in California."  <u>Id.</u>  Even assuming that this is true, merely "doing business" in a forum is not the type of contact that is "so 'continuous and systematic' as to render [Myth] essentially at home" in the Central District of California.  And, as explained *infra*, Myth has submitted evidence that it, in fact, conducts no business in California.  Accordingly, general jurisdiction over Myth is not appropriate in this forum.

    b.  **Specific Jurisdiction**

A court may assert specific jurisdiction over a claim for relief that arises out of a defendant's forum-related activities.  <u>Rano v. Sipa Press, Inc.</u>, 987 F.2d 580, 588 (9th Cir. 1993).  The Ninth Circuit has established a three-part test for specific personal jurisdiction:

> (1) The non-resident defendant must purposefully direct its activities or consummate some transaction with the forum or resident thereof; or perform some act by which he purposefully avails himself of the privilege of conducting activities in the forum, thereby invoking the benefits and protections of its laws;
>
> (2) the claim must be one which arises out of or relates to the defendant's forum-related activities; and
>
> (3) the exercise of jurisdiction must comport with fair play and substantial justice, i.e. it must be reasonable.

<u>Schwarzenegger v. Fred Martin Motor Co.</u>, 374 F.3d 797, 802 (9th Cir. 2004) (citing <u>Lake v. Lake</u>, 817 F.2d 1416, 1421 (9th Cir. 1987)); <u>see also</u> <u>Burger King Corp. v. Rudzewicz</u>, 471 U.S. 462, 475-76 (1985).  The plaintiff bears the burden of satisfying the

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

| | **CIVIL MINUTES - GENERAL** | | JS - 6   **'O'** |
|---|---|---|---|
| Case No. | CV15-9419-CAS(JCx) | Date | February 22, 2016 |
| Title | UNICOLORS, INC. v. MYTH CLOTHING CO., INC. et al. | | |

first two prongs, and must do so to establish specific jurisdiction. Schwarzenegger, 374 F.3d at 802.

### (1)     Purposeful Direction

The Court looks first to whether Myth has purposefully directed its activities into this district or purposely availed itself of the privilege of conducting activities in this district. "The Ninth Circuit has noted that purposeful availment and purposeful direction are two distinct concepts." Lang v. Morris, 823 F. Supp. 2d 966, 970 (N.D. Cal. 2011). Specifically, the "purposeful availment analysis is most often used in suits sounding in contract," where as the "purposeful direction analysis . . . is most often used in suits sounding in tort." Schwarzenegger, 374 F.3d at 802. Courts agree that claims for copyright infringement, such as Unicolors, sound in tort; therefore, a purposeful direction analysis is appropriate here. See Mavrix Photo, Inc. v. Brand Tech., Inc., 647 F.3d 1218, 1228 (9th Cir. 2011) ("Because Mavrix has alleged copyright infringement, a tort-like cause of action, purposeful direction 'is the proper analytical framework.'") (citations omitted); IO Group, Inc. v. Pivotal, Inc., 2004 WL 838164, at *5 (N.D. Cal. Apr. 19, 2004) ("Copyright infringement may be characterized as an intentional tort.").

In a purposeful direction analysis, courts apply the "effects" test first set forth by the Supreme Court in Calder v. Jones, 465 U.S. 783 (1984). See Mavrix Photo, 647 F.3d at 1228 (9th Cir. 2011) ("In tort cases, we typically inquire whether a defendant 'purposefully direct[s] his activities' at the forum state, applying an 'effects' test"). This test requires that "the defendant allegedly must have (1) committed an intentional act, (2) expressly aimed at the forum state, (3) causing harm that the defendant knows is likely to be suffered in the forum state." Brayton Purcell, 606 F.3d at 1128.

Here, Myth has arguably "committed an intentional act"—selling allegedly infringing apparel to TJX and Burlington. However, plaintiff has failed to establish that this act was "expressly aimed" at the Central District of California or that Myth anticipated that its act would cause harm in the Central District of California. Plaintiff argues that by selling apparel to TJX and Burlington, Myth placed infringing goods into the "stream of commerce" with an "expectation that they [would] be purchased by California customers." Opp'n., at 6. Plaintiff further notes that several infringing garments were found in California retail stores. Id.

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**  JS - 6  'O'

| Case No. | CV15-9419-CAS(JCx) | Date | February 22, 2016 |
|---|---|---|---|
| Title | UNICOLORS, INC. v. MYTH CLOTHING CO., INC. et al. | | |

However, the stream-of-commerce theory of personal jurisdiction is "unsettled." KGM Ind. Co., Inc. v. Harel, 2012 WL 5363328 *1 (C.D. Cal. Oct. 30, 2012). Plaintiff quotes language from Justice Brennan's concurrence in Asahi Metal Indus. Co. v. Superior Court, 480 U.S. 102, 117 (1987) (Brennan, J., concurring), stating that a mere awareness by a defendant that a product is being marketed in a forum state should give rise to personal jurisdiction. But, the Ninth Circuit has since clarified the application of Asahi: "The placement of a product into the stream of commerce, without more, is *not* an act purposefully directed toward a forum state." Holland America Line, Inc. v. Wärtsilä North America, Inc., 485 F.3d 450, 459 (9th Cir. 2007) (emphasis added) (quoting Asahi, 480 U.S. at 112 (1987)). "Even a defendant's awareness that the stream may or will sweep the product into the forum state does not convert the mere act of placing the product into the stream of commerce into an act *purposefully directed* toward the forum state." Id. (emphasis added); see also id. ("Asahi requires 'something more' than the mere placement of a product into a stream of commerce"). The "something more" required under Asahi can include "advertising in the forum, marketing the product through a distributor who has agreed to serve as sales agent in the forum state, and creating, controlling, or employing the distribution system that brought [the] product to the forum." Hendricks v. New Video Channel America, 2015 WL 3616983, at *6 (C.D. Cal. June 8, 2015).

In this action, Unicolors has merely alleged that Myth is "doing business in California." Compl. ¶ 5. This conclusory allegation is insufficient to demonstrate the "something more" required by Ninth Circuit and Supreme Court precedent and is contradicted by the evidence submitted by defendant. See Mavrix Photo, 647 F.3d at 1223 (the Court "may not assume the truth of allegations in a pleading which are contradicted by affidavit"); Lang, 823 F. Supp. 2d at 977 ("To the extent that Plaintiffs do allege Defendant's involvement in markets that would include California . . . those allegations are unsupported and refuted by [defendant]."); Fiore v. Walden, 657 F.3d 838, 846-47 (9th Cir. 2011) ("[M]ere 'bare bones assertions of minimum contacts with the forum or legal conclusions unsupported by specific factual allegations will not satisfy a plaintiff's pleading burden."). Myth has declared that it does not deliver or sell goods in California and, in fact, does not even have an interactive website from which it could solicit or sell its products to California residents. Mot., Ex. 2, Duggal Decl. ¶¶ 7, 10. Myth also does not own an office, showroom, or telephone number in California, does not have employees or a bank account in California, and is not licensed or registered to conduct *any* form of business in California. Id. ¶¶ 8-9. Rather, Myth states that it

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**     JS - 6  'O'

| Case No. | CV15-9419-CAS(JCx) | Date | February 22, 2016 |
|---|---|---|---|
| Title | UNICOLORS, INC. v. MYTH CLOTHING CO., INC. et al. | | |

"offers for sale its products *only* through its New York showroom, from where Myth conducts *all* of its solicitation and showing of samples and product lines." Id. ¶ 4 (emphasis added). And Myth's customers travel to its New York showroom to view Myth's products and discuss potential sales. Id. ¶ 6. In other words, none of Myth's conduct connected to the sale, marketing, or distribution of clothing, whether infringing or not, occurs in California.

Accordingly, plaintiff has failed to establish that Myth purposefully directed its conduct at either California or, for purposes of venue, the Central District of California. Therefore, this Court lacks personal jurisdiction over Myth, which in turn means that venue as to Myth is not proper in this district.[1]

---

[1] Unicolors has requested that the Court grant it the opportunity to conduct jurisdictional discovery. "A district court is vested with broad discretion to permit or deny [jurisdictional] discovery." Laub v. U.S. Dep't of the Interior, 342 F.3d 1080, 1093 (9th Cir. 2003). In its opposition, Unicolors sets forth a list of fourteen "issues" which it contends "require further investigation." Opp'n., at 10. However, Unicolors provides no indication that "further investigation" will, in fact, produce evidence that would warrant subjecting Myth to personal jurisdiction in this district. See also Lang, 823 F. Supp. 2d, at 979 ("Plaintiffs have also not provided any detail to the Court as to what discovery would establish. Therefore, the Court declines to permit jurisdictional discovery as it would appear to be futile in this case.").

For example, Unicolors states that it needs to investigate the California contacts of entities affiliated with Myth. However, Unicolors identifies no entities that are sufficiently affiliated with Myth such that their contacts with this forum could be attributed to Myth. Likewise, Unicolors states that it needs to "verify" Myth's assertions and supporting evidence which "[Unicolors] has reason to believe is unreliable." But Unicolors provides no explanation as to how or why Myth's assertions and supporting evidence are unreliable. And, Unicolors states that it needs to investigate "the extent of business conducted through Myth's website," despite the fact that Myth has already submitted evidence that it does not even own a website through which it could conduct business. Finally, many of these "issues" appear to stem from Unicolors' "stream of commerce" argument (e.g. Unicolors seeks information regarding the number of allegedly infringing garments that were purchased by California residents). However, the

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**  JS - 6  'O'

| Case No. | CV15-9419-CAS(JCx) | Date | February 22, 2016 |
|---|---|---|---|
| Title | UNICOLORS, INC. v. MYTH CLOTHING CO., INC. et al. | | |

**2.   Transfer of the Action Against Myth**

Where a court determines that venue is improper, it may, in its discretion, either dismiss the action pursuant to Federal Rule of Civil Procedure 12(b)(3), or transfer the action to a district where venue is appropriate. See 28 U.S.C. § 1406(a) (where a case is filed in "the wrong division or district" the district court "shall dismiss, or if it be in the interest of justice, transfer such case to any district or division in which it could have been brought."). Courts have "significant discretion" in determining whether to dismiss or transfer an action. See DirectTV, Inc. v. Leo, 2010 WL 2740072, at *6 (C.D. Cal. Jul. 8, 2010) (citing Johnson v. Payless Drug Stores Northwest, Inc., 950 F.2d 586, 588 (9th Cir. 1991) (per curiam)); see also L.A. Gem & Jewelry Design, Inc. v. Reese, 2015 WL 4163336, at *6 (C.D. Cal. Jul. 9, 2015) ("The Court has discretion between choosing to transfer or choosing to dismiss for improper venue, but 'generally it is preferred to transfer the case rather than dismissing it altogether.' ") (citing Abrams Shell v. Shell Oil Co., 165 F.Supp.2d 1096, 1103 (C.D. Cal. 2001). "A court need not have personal jurisdiction over the defendant in order to transfer, rather the court may order transfer so

---

Court has already explained that this theory is "unsettled" and requires more than simply placing goods into the stream of commerce, even where it is foreseeable that those goods will make their way into the forum at issue.

At base, in this case, Unicolors has made only conclusory allegations that Myth is "doing business in California," and has failed to respond to defendants' evidence that none of Myth's conduct related to the sale, manufacture, and distribution of apparel occurs in California. "[W]here a plaintiff's claim of personal jurisdiction appears to be both attenuated and based on bare allegations in the face of specific denials made by defendants, the Court need not permit even limited discovery." Terracom v. Valley Nat. Bank, 49 F.3d 555, 562 (9th Cir. 1995); see also McLaughlin v. McPhail, 707 F.2d 800, 806 (4th Cir. 1983) (holding that district court did not abuse its discretion in denying jurisdictional discovery when, "[a]gainst the defendants' affidavits," plaintiff "offered nothing beyond his bare allegations that the defendants had had significant contacts with the [forum] state of Maryland") (internal quotation marks omitted)). Accordingly, Unicolors has failed to demonstrate a sufficient basis for granting jurisdictional discovery.

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

| | **CIVIL MINUTES - GENERAL** | | JS - 6  'O' |
|---|---|---|---|
| Case No. | CV15-9419-CAS(JCx) | Date | February 22, 2016 |
| Title | UNICOLORS, INC. v. MYTH CLOTHING CO., INC. et al. | | |

that jurisdiction may be established in the 'transferee court.' " Multimin USA, Inc. v. Walco Int'l, Inc., 2006 WL 1046964, at *2 (E.D. Cal. Apr. 11, 2006) (citing Goldlawr, Inc. v. Heiman, 369 U.S. 463 (1962).

In this case, the Court finds that it is preferable to transfer the action against Myth to the Southern District of New York, rather than dismissing the action. First, as stated above, Myth is incorporated and headquartered in New York. And the vast majority, if not all, of the conduct which gives rise to Unicolors' claims for copyright infringement appears to have occurred in New York. Accordingly, venue is almost certainly proper in the Southern District of New York.

Second, the Court finds that the interests of justice warrant a transfer of the action against Myth. If this case is transferred to the Southern District of New York it will likely be consolidated with the pending New York Action against Myth. Moreover, to dismiss this action solely against Myth would leave the action pending against TJX and Burlington. And, as discussed below, the Court finds it appropriate to transfer the entirety of this action to the Southern District of New York. Accordingly, a transfer creates the opportunity to maximize judicial efficiency.

    **B.**    **The Interests of Justice Weigh in Favor of Transfer of the Action Against the Remaining Defendants**

With regard to the remaining defendants, the Court finds that the interests of justice merit a transfer of this action to the Southern District of New York. "For the convenience of parties and witnesses, in the interest of justice, a district court may transfer any civil action to any other district or division where it might have been brought or to any district or division to which all parties have consented." 28 U.S.C. § 1404(a). In evaluating whether the "interests of justice," merit a transfer courts consider a number of factors, including the following: (1) the location where the relevant agreements were negotiated and executed, (2) the state that is most familiar with the governing law, (3) the plaintiff's choice of forum, (4) the respective parties' contacts with the forum, (5) the contacts relating to the plaintiff's cause of action in the chosen forum, (6) the differences in the costs of litigation in the two forums, (7) the availability of compulsory process to compel attendance of unwilling non-party witnesses, and (8) the ease of access to sources of proof. Stewart Org. v. Ricoh Corp., 487 U.S. 22, 29-30 (1988); Jones v. GNC Franchising, Inc., 211 F.3d 495, 498-99 (9th Cir. 2000) (same). Other factors that can be

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**  JS - 6  'O'

| Case No. | CV15-9419-CAS(JCx) | Date | February 22, 2016 |
|---|---|---|---|
| Title | UNICOLORS, INC. v. MYTH CLOTHING CO., INC. et al. | | |

considered are: the enforceability of the judgment; the relative court congestion in the two forums; and which forum would better serve judicial economy. 17 Moore's Federal Practice § 111.13[1][c] (3d ed. 1997).

Unicolors has elected to bring this action in the Central District of California. Ordinarily, "[s]ubstantial weight is accorded to the plaintiff's choice of forum, and a court should not order a transfer unless the 'convenience' and 'justice' factors . . . weigh heavily in favor of venue elsewhere." Catch Curve, Inc. v. Venali, Inc., 2006 U.S. Dist. LEXIS 96379, *3-4 (C.D. Cal. 2006). But, where the venue lacks a significant connection with the activities alleged in the complaint, "[t]he deference afforded a plaintiff's choice of forum is substantially reduced." SP Inv. Fund I, LLC v. Harold D. Lowry, 2016 WL 590192, at*6 (C.D. Cal. Feb. 11, 2016) (citing Pac. Car & Foundry Co. v. Pence, 403 F.2d 949, 954 (9th Cir. 1968) ("If the operative facts have not occurred within the forum of original selection and that forum has no particular interest in the parties or the subject matter, the plaintiff's choice is entitled only to minimal consideration.")); see also Pfeiffer v. Himax Technologies, Inc., 530 F. Supp. 2d 1121, 1126 (C.D. Cal. 2008) ("the Central District has little connection to the operative facts, the parties, or the subject matter of the action and . . . as a result, plaintiff's choice of forum is entitled to only minimal consideration.").

Here, as already stated, the majority of the facts giving rise to this case arose in New York. New York is the location where Myth marketed garments to retailers, such as TJX and Burlington. New York is also where TJX and Burlington visited Myth's showroom in order to purchase the allegedly infringing garments. In fact, Burlington maintains an office in New York, only a few blocks from Myth's showroom, for the express purpose of purchasing garments from wholesale retailers, such as Myth. Duggal Decl. ¶ 12. By contrast, the primary connection between the Central District of California and the operative facts of this case appears to be that several garments were found in TJX and Burlington's California stores. Accordingly, compared to New York, this district lacks a significant connection to the activities which form the basis of plaintiff's complaint.

Moreover, the fact that so many of the events in this case occurred in New York means that there will be greater "ease of access to sources of proof" if this case is transferred to the Southern District of New York. The records of Myth's sales of allegedly infringing garments, including its sales to TJX and Burlington, are likely held

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**   JS - 6   **'O'**

| Case No. | CV15-9419-CAS(JCx) | Date | February 22, 2016 |
|---|---|---|---|
| Title | UNICOLORS, INC. v. MYTH CLOTHING CO., INC. et al. | | |

in New York amongst Myth's corporate records. Likewise, many of the witnesses with knowledge of the sale and distribution of the allegedly infringing goods are, presumably, located in New York. See also Brackett v. Hilton Hotels Corp., 619 F. Supp. 2d 810, 820) (N.D. Cal. 2008) (noting that in copyright infringement cases the "the bulk of the relevant evidence usually comes from the accused infringer"); Adobe Sys. Inc. v. Trinity Software Distribution, Inc., 2012 WL 3763643, at *10 (N.D. Cal. Aug. 29, 2012) (same).

However, the most significant factor weighing in favor of a transfer is the fact that there is already a related case pending in the Southern District of New York. "An important consideration in determining whether the interests of justice dictate a transfer of venue is the pendency of a related case in the transferee forum." Hawkins v. Gerber Products Co., 924 F. Supp. 2d 1208, 1214 (S.D. Cal. 2013). The New York Action concerns the same operative facts as this action, raises the same legal issues as this action, and implicates the same parties as this action. Accordingly, it is almost certain that were this action transferred to the Southern District of New York it would be consolidated with the New York Action. See also id. ("The feasibility of consolidation is a significant factor in a transfer decision.") (quoting A.J. Indus., Inc. v. Dist. Court, 503 F.2d 384, 389 (9th Cir. 1974)); Bite Tech, Inc. v. X2 Impact, Inc., 2013 WL 871926, at *6 (N.D. Cal. Mar. 7, 2013) (noting that "even the pendency of an action in another district is important because of the positive effects it might have in possible consolidation of discovery and convenience to witnesses and parties.").

Moreover, given that this Court has already determined that venue in this district is not appropriate as to Myth, were this case not transferred Unicolors would be forced to simultaneously defend and pursue litigation in two judicial districts on opposite sides of the country. Therefore, a transfer (and subsequent consolidation of these actions) has the added benefit of permitting Unicolors to pursue its claims against all three defendants, and defend against Myth's claims, in a single action and in a single judicial district—the Southern District of New York. See also Ferens v. John Deere Co., 494 U.S. 516, 531 (1990) ("We have made quite clear that to permit a situation in which two cases involving precisely the same issues are simultaneously pending in different District Courts leads to wastefulness of time, energy, and money that § 1404(a) was designed to prevent"); see also Puri v. Hearthside Food Solutions, 2011 WL 6257182 at *3 (C.D. Cal. Dec. 13, 2011) ("Litigation of related claims in the same tribunal is strongly favored because it facilitates efficient, economical and expeditious pre-trial proceedings and discovery and

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**    JS - 6   **'O'**

| | | | |
|---|---|---|---|
| Case No. | CV15-9419-CAS(JCx) | Date | February 22, 2016 |
| Title | UNICOLORS, INC. v. MYTH CLOTHING CO., INC. et al. | | |

avoids duplicitous litigation and inconsistent results.") (internal quotation marks and citation omitted)).

    In light of all of these factors, and in particular the considerable judicial efficiency offered by a transfer, the Court finds that the interests of justice merit a transfer of this case to the Southern District of New York.[2]

---

    [2] Defendants have also argued that the Court should transfer this action pursuant to the "First-to-File" rule because the New York Action was filed one day before the instant action. The first-to-file rule is "a generally recognized doctrine of federal comity which permits a district court to decline jurisdiction over an action when a complaint involving the same parties and issues has already been filed in another district." Pacesetter Sys., Inc. v. Medtronic, Inc., 678 F.2d 93, 94-95 (9th Cir. 1982). Unicolors argues that the Court should not apply this rule because it contends that the New York Action is an anticipatory suit aimed at forum-shopping. Anticipatory suits and forum-shopping are recognized exceptions to the first-to-file rule. See Alltrade, Inc. v. Uniweld Prods. Inc., 946 F.2d 622, 628 (9th Cir. 1991) ("The circumstances under which an exception to the first-to-file rule typically will be made include bad faith, anticipatory suit, and forum shopping.") (citations omitted). However, the Court need not determine whether these exceptions apply in this case because the Court has already determined that a transfer is warranted, regardless of the applicability of the first-to-file rule, under the standard set forth in 28 U.S.C. § 1404(a).

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

| | CIVIL MINUTES - GENERAL | | JS - 6  'O' |
|---|---|---|---|
| Case No. | CV15-9419-CAS(JCx) | Date | February 22, 2016 |
| Title | UNICOLORS, INC. v. MYTH CLOTHING CO., INC. et al. | | |

## V.     CONCLUSION

In accordance with the foregoing, the Court **GRANTS** defendants' motion to transfer this case to the Southern District of New York.[3]

IT IS SO ORDERED

|  | 00 | : | 13 |
|---|---|---|---|
| Initials of Preparer | | CL | |

---

[3] Defendants also requested that the Court stay the instant action. As the basis for this request, defendants noted that, in the New York Action, Unicolors had filed its own motion to dismiss, transfer, or stay that action. Defendants argued that if this Court was not prepared to dismiss or transfer this case it should stay the case pending the resolution of Unicolors' motion in the New York Action. However, after defendants filed the instant motion, the Court in the New York Action struck Unicolors' motion for failure to comply with that court's local rules. Myth Clothing Co., 15-cv-09487, Dkt. 13 (S.D.N.Y. Jan. 21, 2016). Accordingly, at present, there is no pending motion in the New York Action which might implicate this Court's ruling on the instant motion. Moreover, as explained above, the vast majority of the conduct which gives rise to this action occurred in New York. Accordingly, it seems unlikely that the court in the New York Action would either dismiss that case for improper venue or transfer that case to this district. The Court, therefore, finds no basis for a stay of these proceedings and, instead, finds that a transfer of this action is appropriate.